**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **Marcus A. Murphy,** | § |
| **Plaintiff** | § |
| | § |
| **v.** | §   Civil Action No.:_____. |
| | § |
| **Douglas "Doug" L. Lamborn,** | § |
| **in his official-capacity as U.S. House** | § |
| **Representative (CO-5),** | § |
| **Defendant** | § |

## CIVIL-COMPLAINT OF INSURRECTION & REBELLION FOR DECLARATORY & INJUNCTIVE RELIEF

**I. Introduction (¶ 1.)** Here comes now Marcus A. Murphy, *Pro-Se* Plaintiff, and offers this Civil-Complaint of Insurrection and Rebellion for Declaratory and Injunctive Relief against Douglas "Doug" L. Lamborn, Defendant, personally, in his official-capacity, as U. S. House-Representative for Colorado's Fifth-District (CO-5). Plaintiff-Murphy is a resident/citizen of Colorado, and Defendant-Lamborn is a resident/citizen of Colorado. This federal-Question Civil-Complaint challenges Congressman-Lamborn's eligibility and power to remain in office after engaging, aiding & comforting an armed-insurrection in the House-Chamber at the Capitol on

Wed., Jan. 6, 2021 (1-6-21); as an unconstitutional-abridgement of Plaintiff-Murphy's Constitutional-Rights, specifically the First, Fourth, Fifth, & Fourteenth Amendments: First-Amendment Fundamental-Right to Vote, by and through the Enumerated-Rights to Speech & Freedom of Association; Fourth-Amendment Right to be Secure in person, house, papers, and effects; Fifth-Amendment Right to Due-Process of the law; Fourteenth-Amendment Right to Equal-Protection of the laws, as well as Right to Complain and Petition the government for Redress of the grievance that Defendant-Lamborn violated Section 3 by engaging in Insurrection or Rebellion against the Constitution of the United States, and giving Aid or Comfort to the enemies thereof; and the statutory-prohibition of deprivation, & resultant causes of action related to such deprivation, including conspiracy with staff to deprive specified-rights.

A. **Plaintiff-Information (¶ 2.)** Marcus Allen Murphy, 5795 Southmoor Dr Lot 53, Fountain, CO   80817, (720) 256-0991, MarcusMurphy1975@hotmail.com, County of Residence: El Paso, Attorney: N/A-*Pro Se*. Plaintiff, Marcus Allen Murphy, has resided at 5795 Southmoor Dr Lot 53, Fountain, CO  80817 since August of 2016. Fountain is a city within El Paso County. El Paso County is a county within Colorado's Fifth-District. *Pro-Se* Plaintiff-Murphy is a licensed-Attorney in Colorado and a member of the bar of this court.

B. **Defendant-Information (¶ 3.)** Douglas L. Lamborn, 1125 Kelly Johnson Blvd. Ste 330, Colorado Springs, CO   80920, County of Residence: El Paso, Attorney: Unknown. Congressman Doug Lamborn is the U.S. House-Representative for Colorado's Fifth-District. Defendant-Lamborn is sued personally, only in his official-capacity. The U.S. House-Representative for Colorado's Fifth-District is being sued; because, by election & under oath, Congressman-Lamborn is the duly-elected Congressional-Representative for the People,

including Plaintiff-Murphy, of Colorado's Fifth-District, with the Constitutional-Duty "to support and defend the Constitution of the United States against all enemies, foreign and domestic; bear true faith and allegiance to the same; and well and faithfully discharge the duties of the office".

**C. Nature of Suit (¶ 4.)** The nature of this suit is 441: Civil Rights-Voting.

**D. Origin (¶ 5.)** The origin of this suit is as an Original-Proceeding.

**E. Cause of Action (¶ 6.)** The causes of action that this suit arises are under: 28 USC (United States Code) § 1331-federal-Question, as well as 28 USC § 1343(a)-Civil-Rights and Elective-Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights), 28 USC § 1355(a)-Fine, Penalty or Forfeiture, and 42 USC § 1983-Civil-Action for Deprivation of Rights.

**F. Requested in Complaint (¶ 7.)** The relief requested in this complaint is Declaratory and Injunctive Relief.

**II. Jurisdiction (¶ 8.)** Plaintiff-Murphy claims federal-Question Jurisdiction under the U.S. Constitution's First, Fourth, Fifth, & Fourteenth Amendments; also under 28 USC § 1331-federal-Question, as well as 28 USC § 1343(a)-Civil-Rights and Elective-Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights), 28 USC § 1355(a)-Fine, Penalty or Forfeiture, and 42 USC § 1983-Civil-Action for Deprivation of Rights. This court has federal-question jurisdiction pursuant to 28 USC § 1331, because Plaintiff-Murphy challenges Defendant-Lamborn's power to remain in office as the U.S. House-Representative of the People of Colorado's Fifth-District, as violating Plaintiff-Murphy's Constitutional-Rights guaranteed

under the U.S. Constitution's First, Fourth, Fifth, & Fourteenth Amendments. Federal-question jurisdiction is also appropriate, because this action is brought pursuant to 42 USC § 1983, as Defendant-Lamborn has violated Plaintiff-Murphy's Constitutional-Rights under the color of federal-law. *See* 28 USC § 1343; *see also id.* § 1331. This court is authorized to issue the requested injunctive-relief pursuant to 42 USC § 1983 and FRCP (Federal-Rule of Civil-Procedure) 65. 28 USC § 1391(a), (b)(1),(2), & (c)-Venue generally, provides that: "(a) Applicability of Section.-Except as otherwise provided by law- (1) this section shall govern the venue of all civil-actions brought in district-courts of the United States; and (2) the proper-venue for a civil-action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in General.-A civil-action may be brought in- (1) a judicial-district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial-district in which a substantial-part of the events or omissions giving rise to the claim occurred, .... (c) Residency.-For all venue purposes- (1) a natural-person, ..., shall be deemed to reside in the judicial-district in which that person is domiciled; ...." Venue is proper in this court, because Defendant-Lamborn is the U.S. House-Representative for Colorado's Fifth-District, and resides & has his office in the State of Colorado. Additionally, Plaintiff-Murphy resides within the State of Colorado. *See* 28 USC § 1391(b)(1). In addition, all of the events that give rise to Plaintiff-Murphy's claims occurred within the State of Colorado. *See id.* § 1391 (b)(2). Plaintiff-Murphy's personal Constitutional-Right to vote ... for President, gives him standing to make the Right to Vote argument. In *Ex Parte Young*, 209 U.S. 123 (1908), the Court ruled that if government-officials attempt to unconstitutionally-enforce the laws & constitution, then sovereign-immunity does not prevent people whom the unconstitutional-enforcement

harms, from suing those officials in their individual-capacity for injunctive-relief, because those government-officials are not acting on behalf of the federal-government in this situation.

### III. Claims

**(Count I) (¶ 9.) A. Claim Relating to First-Amendment-**Amendment I to the Constitution of the United States of America provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free-exercise thereof; or abridging the freedom of speech, or of the press; or the right of the People peaceably to assemble, and to petition the government for a redress of grievances." The First-Amendment to the United-States Constitution prevents Congress from making any law respecting an establishment of religion, prohibiting the free-exercise of religion, or abridging the freedom of speech, the freedom of the press, the right to peaceably assemble, or to petition for a governmental-redress of grievances. This case involves violation of a fundamental-part of the First Amendment-the rights of association & assembly, and the Fundamental-Right to Vote. Freedom of association encompasses both an individual's right to join or leave groups voluntarily, the right of the group to take collective-action to pursue the interests of its members, and the right of an association to accept or decline membership based on certain-criteria. The right of association is commonly-described as coming together with other-individuals to collectively express, promote, pursue, and/or defend common-interests. Freedom of Association is both an individual-right and a collective-right. Freedom of association is manifested through the right to join a trade-union, to engage in free-speech or to participate in debating-societies, political-parties, or any other club or association, including religious denominations & organizations, fraternities, and sport-clubs. It is

closely linked with freedom of assembly. Freedom of assembly is typically-associated with political-contexts. However, the right to freedom of association may include the right to freedom of assembly. The core First-Amendment rights of association & assembly to vote for any Presidential-Candidate on the general-election ballot for the 2020-election, have been violated, not only with respect to the People of Colorado's Fifth Congressional-District, including Plaintiff-Murphy, voting for Joseph "Joe" R. Biden, but also the electors of Arizona & Pennsylvania. The electors for President, including the electors of Colorado's Fifth Congressional District, as well as the electors of Arizona & Pennsylvania, who voted for Joe Biden were prohibited from exercising their association & assembly rights guaranteed under the First-Amendment to the United States Constitution. Plaintiff-Murphy, will be harmed by the continuing-Service of Defendant-Lamborn. The First-Amendment is "[p]remised on mistrust of governmental-power" and is at " 'its fullest and most urgent-application' to speech uttered during a campaign for political-office." *Citizens United v. FEC*, 558 U.S. 310, 339-40 (2010). The First-Amendment "was fashioned to assure unfettered-interchange of ideas for the bringing about of political and social changes desired by the People." *Meyer v. Grant*, 486 U.S. 414, 421 (1988) (quoting *Roth v. United States*, 354 U.S. 476, 484 (1957)). Speech concerning salient political-issues is constitutionally-enshrined, because it is "the type of speech [that is] indispensable to decision-making in a democracy[.]" *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 776-77 (1978). A person's ability to exercise their rights guaranteed under the First-Amendment is " 'undeniably-enhanced by group-association.' " *Buckley v. Valeo*, 424 U.S. 1, 15 (1976) (quoting *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)). Both the First and the Fourteenth Amendments, therefore, guarantee the " 'freedom to associate with others for the common-

advancement of political beliefs and ideas. ...' " *Kusper v. Pontikes*, 414 U.S. 51 at 56 (1973); see also *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) (" '[T]he right of individuals to associate for the advancement of political-beliefs ... rank[s] among our most precious-freedoms.' "). The burdens on Plaintiff-Murphy's First Amendment speech, association, & assembly rights are significant. Defendant-Lamborn's continuing-service prevents the People of Colorado's Fifth-District, including Plaintiff-Murphy, and the People of Arizona & Pennsylvania, from exercising their core political-speech, associational, and assembly rights guaranteed under the First-Amendment. Plaintiff-Murphy, wants to exercise his First-Amendment rights to free-speech, association, & assembly by electing Joe Biden as the 46th President of the United States. Defendant-Lamborn's continuing-service prevents Plaintiff-Murphy from exercising his core-political speech, associational, & assembly rights guaranteed under the First Amendment. Defendant-Lamborn's continuing-service prevents Plaintiff-Murphy from exercising his core-political speech, associational, & assembly rights guaranteed under the First-Amendment, and negatively-impacts the credibility of the federal-government. Under 42 USC § 1983, Defendant-Lamborn, under the color of federal-law, has violated Plaintiff-Murphy's Constitutional-Rights.

(¶ 10.) 1.**Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the

Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 11.) 2. **Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant-Lamborn lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction.

Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count II) (¶ 12.) B. Claim Relating to Fourth-Amendment-**Amendment IV to the Constitution of the United States of America provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable-cause, supported by oath or

affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This case involves violation of a fundamental-part of the Fourth-Amendment: the right to be secure in the People's House.

(¶ 13.) **1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 14.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-

Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count III) (¶ 15.)  C. Claim Relating to Fifth-Amendment-**Amendment V to the Constitution of the United States of America provides that: "No person shall be held to answer for a capital, or otherwise infamous-crime, unless on a presentment or indictment of a grand-jury, except in cases arising in the land or naval forces, or in the militia, when in actual-service in time of war or public-danger; nor shall any person be subject for the same-offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal-case to be a witness against himself, nor be deprived of life, liberty, or property, without due-process of law; nor shall private-property be taken for public-use, without just-compensation." This case involves violation of a fundamental-part of the Fifth-Amendment: the right of due process of law. The People's bi-annual election of its federal-officials is the ultimate-expression of Justice, in order to account for these honorable-men who rule.

**(¶ 16.) 1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-

Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 17.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law.

Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count IV) (¶ 18.) D. Claim Relating to Fourteenth-Amendment-**Amendment XIV to the Constitution of the United States of America provides that: "Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due-process of law; nor deny to any person within its jurisdiction the equal-protection of the laws. Section 2. Representatives shall be apportioned among the several-states according to their respective-numbers, counting the whole-number of persons in each state, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the executive and judicial officers of a state, or the members of the legislature thereof, is denied to any of the male-inhabitants of such state, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male-citizens shall bear to the whole-number of male-citizens twenty-one years of age in such state. Section 3. No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any state-legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability. Section 4. The validity of the

public-debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any state shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void. Section 5. The Congress shall have power to enforce, by appropriate-legislation, the provisions of this article." This case involves violation of a fundamental-part of the Fourteenth-Amendment: the right of equal-protection of the laws.

(¶ 19.) 1.**Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well

as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

       **(¶ 20.) 2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-

relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count V) (¶ 21.) E. Claim Relating to 28 USC § 1331-federal Question-**This case involves violation of a fundamental-part of 28 USC § 1331-federal Question, which provides that: "The district-courts shall have original-jurisdiction of all civil-actions arising under the Constitution, laws, or treaties of the United States."

**(¶ 22.) 1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the

Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 23.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction.

Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count VI) F. Claim Relating to 28 USC § 1343(a)-Civil-Rights and Elective-Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights) (¶ 24.)-**This case involves violation of a fundamental-part of 28 USC § 1343(a)-Civil-Rights and Elective-Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights), which provides that: "The district-courts shall have original-jurisdiction of any civil-action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State-law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal-rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil-rights, including the right to vote." Furthermore, 42 USC § 1985 (1) & (3)-Conspiracy to Interfere with Civil-Rights provides that: "(1) Preventing Officer from Performing Duties-If two or more persons in any State ... conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; ... (3) Depriving Persons of Rights or Privileges-If two or more persons in any State ... conspire ..., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal-protection of the laws, or of equal privileges and

immunities under the laws; ..., the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

(¶ 25.) 1.**Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

**(¶ 26.) 2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-

Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count VII) (¶ 27.) G. Claim Relating to 28 USC § 1355(a)-Fine, Penalty or Forfeiture-**This case involves violation of a fundamental-part of 28 USC § 1355(a)-Fine, Penalty or Forfeiture, which provides that: "(a) The district-courts shall have original-jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any act of Congress, ...."

**(¶ 28.) 1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a

National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 29.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-

injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**(Count VIII) (¶ 30.) H. Claim Relating to 42 USC § 1983-Civil Action for**

**Deprivation of Rights-**This case involves violation of a fundamental-part of 42 USC § 1983-Civil-Action for Deprivation of Rights, which provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper-proceeding for redress, except that in any action brought against a judicial-officer for an act or omission taken in such officer's judicial-capacity, injunctive-relief shall not be granted unless a declaratory-decree was violated or declaratory-relief was unavailable...."

(¶ 31.) **1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), Defendant-Lamborn 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President even **after** the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof.

(¶ 32.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendant, Doug Lamborn, Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint seeks a declaratory-judgment that Defendant lacks both the eligibility and power to remain in office. This Complaint also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because Defendant-Lamborn is currently-serving as U.S. House-Representative for Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for Plaintiff-Murphy to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating Plaintiff-Murphy's Constitutional-Rights. 28 USC § 2201(a)-Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2202-Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 USC §§ 2201(a), 2202, Plaintiff-

Murphy requests that this court declare Defendant-Lamborn's continuing-service as unconstitutional; because it violates Plaintiff-Murphy's Constitutional-Rights. Plaintiff-Murphy requests that this court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, Defendant-Lamborn from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

**IV. Conclusion (¶ 33.)** In conclusion, Plaintiff, Marcus A. Murphy, seeks relief for above-said claims in this matter. In *Corfield v. Coryell*, 6 Fed Cas. 546 (C.C.E.D. Penn. 1823), Justice Bushrod Washington listed several rights that he deemed were fundamental "privileges and immunities of citizens in the several States." It is respectfully submitted, in Plaintiff's professional legal-opinion, that the Right to Vote is Fundamental, above the enumerated-Rights in the Constitutional-Amendments. Although most jurists would assume that any vote on the House-floor is constitutional, and that any actions or words on capitol-grounds is constitutional, by a duly-elected Congressional-Representative; a hypothetical-vote to exterminate all Jews in America would, of course, be unconstitutional; or a hypothetical-vote to make Donald Trump: President-for-Life would, of course, be unconstitutional. The House-vote to certify the election-results from Arizona & Pennsylvania is purely-Ministerial, and not Discretionary. I, Marcus Allen Murphy, declare, under penalty of perjury, that I am the Plaintiff in this action, that I have read this Complaint, and that the information in this Complaint is true and correct. *See*, 28 USC §

1746; 18 USC § 1621. Under Federal-Rule of Civil Procedure (FRCP) 11, by signing below, I also certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper-purpose, such as to harass, cause un-necessary delay, or needlessly-increase the cost of litigation; (2) is supported by existing-law or by a non-frivolous argument for extending or modifying existing-law; (3) the factual-contentions have evidentiary-support or, if specifically so identified, will likely have evidentiary-support after a reasonable-opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted, this the 11th day of January, 2021.

_____.

Marcus A. Murphy, *Pro-Se Plaintiff*

5795 Southmoor Dr Lot 53

Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## Table of Contents

**I. Introduction (¶ 1.)**

      **A.Plaintiff-Information (¶ 2.)**

      **B. Defendant-Information (¶ 3.)**

      **C. Nature of Suit (¶ 4.)**

      **D. Origin (¶ 5.)**

      **E. Cause of Action (¶ 6.)**

      **F. Requested in Complaint (¶ 7.)**

**II. Jurisdiction (¶ 8.)**

**III. Claims**

      **(Count I) (¶ 9.) A. Claim Relating to First-Amendment**

            **(¶ 10.) 1.Allegations**

            **(¶ 11.) 2. Request for Relief**

      **(Count II) (¶ 12.) B. Claim Relating to Fourth-Amendment**

            **(¶ 13.) 1.Allegations**

            **(¶ 14.) 2. Request for Relief**

      **(Count III) (¶ 15.)  C. Claim Relating to Fifth-Amendment**

            **(¶ 16.) 1.Allegations**

            **(¶ 17.) 2. Request for Relief**

      **(Count IV) (¶ 18.) D. Claim Relating to Fourteenth-Amendment**

            **(¶ 19.) 1.Allegations**

            **(¶ 20.) 2. Request for Relief**

**(Count V) (¶ 21.) E. Claim Relating to 28 USC § 1331-federal Question**

**(¶ 22.) 1.Allegations**

**(¶ 23.) 2. Request for Relief**

**(Count VI) F. Claim Relating to 28 USC § 1343(a)-Civil-Rights and Elective-Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights) (¶ 24.)**

**(¶ 25.) 1.Allegations**

**(¶ 26.) 2. Request for Relief**

**(Count VII) (¶ 27.) G. Claim Relating to 28 USC § 1355(a)-Fine, Penalty or Forfeiture**

**(¶ 28.) 1.Allegations**

**(¶ 29.) 2. Request for Relief**

**(Count VIII) (¶ 30.) H. Claim Relating to 42 USC § 1983-Civil-Action for Deprivation of Rights**

**(¶ 31.) 1.Allegations**

**(¶ 32.) 2. Request for Relief**

**IV. Conclusion (¶ 33.)**

## <u>Table of Cases, Statutes, and Other Authorities Cited</u>

U.S. Constitution's First-Amendment, pp. 2-3, 5-9

U.S. Constitution's Fourth-Amendment, pp. 2-3, 9-12

U.S. Constitution's Fifth-Amendment, pp. 2-3, 12-14

U.S. Constitution's Fourteenth-Amendment, pp. 2-3, 14-18

*Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983), p. 7

*Buckley v. Valeo*, 424 U.S. 1, 15 (1976), p. 6

*Citizens United v. FEC*, 558 U.S. 310, 339-40 (2010), p. 6

*Corfield v. Coryell*, 6 Fed Cas. 546 (C.C.E.D. Penn. 1823), p. 28

*Ex Parte Young*, 209 U.S. 123 (1908), p. 4

*First Nat'l Bank v. Bellotti*, 435 U.S. 765, 776-77 (1978), p. 6

*Kusper v. Pontikes*, 414 U.S. 51 at 56 (1973), p. 6

*Meyer v. Grant*, 486 U.S. 414, 421 (1988), p. 6

*NAACP v. Alabama*, 357 U.S. 449, 460 (1958), p. 6

*Roth v. United States*, 354 U.S. 476, 484 (1957), p. 6

18 USC § 1621-Perjury generally, p. 29

28 USC § 1331-federal-Question, pp. 2-4, 18-20

28 USC § 1343(a)-Civil-Rights and Elective-Franchise, pp. 2-4, 20-23

28 USC § 1355(a)-Fine, Penalty or Forfeiture, pp. 2-3, 23-26

28 USC § 1391(a), (b)(1),(2), & (c)-Venue, p. 4

28 USC § 1746-Unsworn-declarations under penalty of perjury, p. 29

28 USC § 2201(a)-Creation of remedy, p. 9, 11, 14, 17, 19-20, 25

28 USC § 2202-Further-relief, p. 9, 11, 14, 17, 20, 25

42 USC § 1983-Civil-Action for Deprivation of Rights, pp. 2-4, 7, 26-28

42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights, pp. 2-3, 20-21

Federal-Rule of Civil Procedure (FRCP) 11, p. 29

FRCP (Federal-Rule of Civil-Procedure) 65, p. 4