IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–00071–RM–KMT

MARCUS A. MURPHY,

      Plaintiff,

v.

DOUGLAS "DOUG" L. LAMBORN, in his official capacity as U.S. House Representative (CO-5),

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Motion to Dismiss of Defendant the Honorable Douglas Lamborn" (Doc. No. 20 [Mot.], filed June 11, 2021).  Plaintiff filed a response in opposition (Doc. No. 22, filed July 2, 2021), and Defendant filed a reply (Doc. No. 24, filed July 16, 2021).

## STATEMENT OF THE CASE

Plaintiff filed his Complaint on January 11, 2021, against U.S. House Representative Douglas L. Lamborn.  (Doc. No. 1 [Compl.].)  Plaintiff asserts First, Fourth, and Fifth, Fourteenth Amendment claims.  (*See generally,* Doc. No. 1 [Compl.], at 5–18.)  Plaintiff also asserts a vague claim under 28 U.S.C. § 1331 (*see id.* at 18–20), a claim for "Civil-Rights and Elective Franchise" and "Conspiracy to Interfere with Civil Rights" under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1985(1) and (3), respectively (*see id.*at 21–24), a Forfeiture claim under 28

U.S.C. § 1355(a) (*see id.* at 24–26), and a Deprivation of Rights Claim under 42 U.S.C. § 1983 (*see id.* at 26–29).  Plaintiff's claims stem from Defendant Lamborn's allegedly "engaging, aiding & comforting an armed-insurrection in the House-Chamber at the Capitol" on January 6, 2021.  (*Id.* at 1–2.)  Plaintiff seeks declaratory and injunctive relief.  (*See generally, id.*)

Defendant moves to dismiss the claims against him in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  (*See* Mot.)

## STANDARDS OF REVIEW

### A.    Pro Se *Plaintiff*

Plaintiff states he is a "licensed-Attorney in Colorado and a member of the bar of this court."  (Compl. at 2.)  Plaintiff asserts that, as such, he is entitled to the "less-stringent standards" afforded to *pro se* parties.  (Resp. at 9.)  Indeed, the court "review[s] [a *pro se* party's] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, when the *pro se* party is an attorney, courts interpret his filings just as they would in a counselled case.  *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).

### B.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id*.

**B.    *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.* (citation omitted).

## ANALYSIS

### A.  *Jurisdictional Arguments*

#### 1.  *Standing*

Defendant argues that Plaintiff does not have standing to assert his claims because he has not alleged any particularized stake in the claims.  (Mot. at 5.)

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir.2003)).  Plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

"The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate."  *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).  To establish Article III standing, plaintiff must meet three elements:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or

imminent, not 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted).

"Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by granting the right to sue to a plaintiff who would not otherwise have standing.' "  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' "  *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560).  An injury is particularized if it affects "the plaintiff in a personal and individual way."  *Spokeo*, 578 U.S. at 339.  "A 'concrete' injury must be 'de facto'; that is, it must actually exist;" it must be "real," not "abstract."  *Id.*

A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  An exception to this rule, the doctrine of third-party standing, can allow a plaintiff to assert the rights of others not before the court.  *Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004).  To qualify for this exception, in addition to showing an injury in fact, the plaintiff "must show that 'the party asserting the right has a "close" relationship with the person who possesses the right'" and that "there is a 'hindrance' to the possessor's ability to protect his own interests."  *Aid for Women v. Foulston*, 441 F.3d 1101, 1111–12 (10th Cir. 2006) (citation omitted).

The Complaint alleges four constitutional violations, three violations of jurisdictional statutes, and a violation of 42 U.S.C. § 1983.  (*See generally,* Compl.)  Plaintiff has failed to

plead sufficient facts to support either an injury in fact or that he has a qualifying relationship to bring suit on behalf of any third party discussed in any of the eight counts of his Complaint.

Regarding the First Amendment, Plaintiff asserts that "[t]he electors for President, including the electors of Colorado's Fifth Congressional District, as well as the electors of Arizona & Pennsylvania, who voted for Joe Biden were prohibited from exercising their association & assembly rights[.]" (Compl., ¶ 9.) The Complaint states that Plaintiff's "personal Constitutional-Right to vote . . . for President, gives him standing to make the Right to Vote argument." (*Id.*, ¶ 8.) However, Plaintiff fails to allege any actual injury or impairment to his right to vote that would give rise to standing. Similarly, Plaintiff fails to demonstrate that he has any relationship, much less a "close" relationship, with citizens of Arizona or Pennsylvania and neglects to establish any "hindrance" to their ability to protect their own interests. Thus, the doctrine of third-party standing is also unavailable to Plaintiff. Moreover, there can be no injury in fact because the very outcome Plaintiff sought came to pass when Congress confirmed the electoral victory of President Biden during the Joint Session. 167 Cong. Rec. D23 (daily ed. Jan. 6, 2021).

Regarding the Fourth Amendment, Plaintiff alleges that "the right to be secure in the People's House" was violated. (Compl., ¶ 12.) This allegation is insufficient to establish injury in fact. "The Fourth Amendment protects citizens from 'unreasonable searches and seizures' conducted by either state or federal government officials." *United States v. White*, 584 F.3d 935, 944 (10th Cir. 2009) (quoting U.S. Const. Amend. IV). "[T]he key inquiry under the 4th Amendment is whether the Plaintiff's legitimate expectations of privacy were somehow exceeded." *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1168 (D. Colo. 2006). "Fourth

Amendment rights are personal rights that may not be asserted vicariously." *United States v. Paetsch*, 782 F.3d 1162, 1173 (10th Cir. 2015) (citation omitted).  Plaintiff does not allege that he was physically present at the Capitol on January 6, 2021, that he was subject to any form of search or seizure by federal officials at any time, or that he had any legitimate expectation of privacy that was violated.  Thus, Plaintiff fails to plead any cognizable injury under the Fourth Amendment.

Regarding the Fifth Amendment, Plaintiff claims this matter "involves violation of a fundamental-part of the Fifth-Amendment: the right of due process of law."  (Compl., ¶ 15.)  The Complaint further alleges Defendant "[d]enied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law."  (*Id.*, ¶¶ 10, 13, 16, 19, 22, 25, 28, 31.)  Plaintiff, however, has not alleged any issues with the casting or counting of his vote, nor has he pleaded any facts to indicate that he was personally deprived of any corresponding due process.  As a result, Plaintiff fails to establish that he suffered any injury in fact arising out of this claim.

Regarding the Fourteenth Amendment, Plaintiff alleges that Defendant "[d]enied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden."  (Compl., ¶¶ 10, 13, 16, 19, 22, 25, 28, 31.)  Plaintiff again only alleges that the rights of third parties have been violated and fails to establish the elements necessary to make such claims on their behalf. Plaintiff makes no attempt to show that he has the required "close" relationship with citizens of Arizona or Pennsylvania or with President Biden.  He also fails to establish that there would be a "hindrance" to these individuals' ability to protect their own interests, if in fact they suffered an injury.

Plaintiff's constitutional claims should be dismissed without prejudice for lack of subject matter jurisdiction.[1]

## 2.  *Immunity Under Speech or Debate Clause*

The Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1, provides absolute immunity for Congress and its Members for any claims predicated on legislative activities.  *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975).  This absolute immunity extends to all civil actions.  *Id.* at 503.  It protects legislators "not only from the consequences of litigation's results but also from the burden of defending themselves."  *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967).  Accordingly, "[t]he Speech or Debate Clause operates as a jurisdictional bar" to this action.  *Rockefeller v. Bingaman*, 234 F. Appx. 852, 856 (10th Cir. 2007); *see also Howard v. Off. of the Chief Admin. Officer*, 720 F.3d 939, 941 (D.C. Cir. 2013).

The Clause applies not only to traditional "legislative acts," such as speaking on the House floor or casting votes on pending legislation, but also to all other activities that fall "within the 'legislative sphere.' "  *Doe v. McMillan*, 412 U.S. 306, 312 (1973) (citation omitted). The "legislative sphere" is broadly construed to include all activities that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings . . . [and] with respect to . . . matters which the Constitution places within the jurisdiction of either House."  *Gravel v. United States*, 408 U.S. 606, 625 (1972).  When it is determined that "Members are acting within the legitimate legislative sphere[,] the Speech or Debate Clause is an absolute bar to interference," *Eastland*, 421 U.S. at 503 (quotation marks

---

[1] Defendant also argues that Plaintiff's other claims are barred for lack of standing.  (*See* Mot. at 9-10.)  The court disagrees.  However, to the extent Plaintiff's remaining claims survive Defendant's standing and immunity arguments, the court addresses the claims *infra*.

omitted), and is applied "broadly to effectuate its purposes." *Id.* at 501. "[T]he words 'Speech or Debate' have been read broadly to encompass all formal actions in the official business of Congress, including *voting*, conducting hearings, issuing reports, and issuing subpoenas." *Bastien v. Off. of Senator Ben Nighthorse Campbell*, 390 F.3d 1301, 1314 (10th Cir. 2004) (emphasis added); *Gravel*, 408 U.S. at 617 (under the Clause, "[c]ommittee reports, resolutions, and *the act of voting are equally covered*") (emphasis added).

Plaintiff challenges Defendant's actions during the certification of electoral votes, a process the Constitution expressly assigns to Congress. *See* U.S. Const. Amend. XII. The Speech or Debate Clause precludes any suit against Defendant arising from his votes or other conduct at the January 6 Joint Session, as that activity unquestionably is "within the 'legitimate legislative sphere.' " *Eastland*, 421 U.S. at 503. Accordingly, the Speech or Debate Clause "provides an absolute immunity from judicial interference" of the type Plaintiff has requested. *Eastland*, 421 U.S. at 509 n.16.

Plaintiff also implies that Defendant's alleged conduct during the Joint Session was "unconstitutional." (Compl., ¶ 33.) However, the protections of the Clause are not abrogated by allegations that a Member acted unconstitutionally. *See, e.g., McMillan*, 412 U.S. at 312–13 (Clause applies to all legislative activities "even though the[] conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes"); *Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015) ("An act does not lose its legislative character simply because a plaintiff alleges that it violated House Rules or even the Constitution.") (citations omitted). Rather, the proper inquiry for courts is to assess the "nature of the act" to determine "whether, stripped of all considerations of intent and motive, [the

challenged] actions were legislative." *Bogan v. Scott-Harris*, 523 U.S. 44, 54–55 (1998). "[O]nce it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." *Eastland*, 421 U.S. at 503 (citation omitted). "Such is the nature of absolute immunity, which is—in a word—absolute." *Rangel*, 785 F.3d at 24.

Because Defendant's statements and votes during the Joint Session fall "within the 'legitimate legislative sphere[,]' the Speech or Debate Clause is an absolute bar to" any claims against him over those activities. *Eastland*, 421 U.S. at 503.

### 3.      *Federal Question Jurisdiction*

Section 1355 provides a means of "proceeding for the recovery or enforcement of any fine, penalty, or forfeiture . . . incurred under any Act of Congress . . . ."  28 U.S.C. § 1355(a). However, Section 1355(a) "does not permit private parties to bring an action for damages in federal court." *Agarwal v. United States*, No. 18–cv–03125, 2019 WL 2476613, at *2 (D.D.C. June 13, 2019) (citing *Fields v. Washington*, 173 F.2d 701, 703 (3d Cir. 1949) (holding that § 1355 does not give district courts federal question jurisdiction for private damages actions); *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 406 (3d Cir. 1982) (recognizing that jurisdiction under § 1355 "extends only to suits by a public officer to recover a sum of money that will be paid into the public treasury")).  Thus, this Court lacks federal question jurisdiction over Plaintiff's claim under 28 U.S.C. § 1355(a), and it should be dismissed without prejudice.

### B.      *Failure to State a Claim Arguments*

To the extent Plaintiff's claims other than the constitutional claims are not barred for jurisdictional reasons, they fail to state claims upon which relief can be granted.

### 1.    *Section 1331 Claim*

Plaintiff generally asserts a claim under 28 U.S.C. § 1331.  (Compl. at 18–20.)

Under 28 U.S.C. § 1331, '[t]he district courts shall have original jurisdiction of all
civil actions arising under the Constitution, laws, or treaties of the United
States.' "  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021–23 (9th Cir.
2007) (citing the language of 28 U.S.C. § 1331).  That "general federal-question
jurisdiction statute is applicable only *when the plaintiff sues under a federal
statute that creates a right of action in federal court*."  *Id.* (emphasis added).
Thus, 28 U.S.C. § 1331 does not alone serve as a basis for federal jurisdiction,
absent a federal statute creating such a right of action in federal court.

*Hawaii Disability Rts. Ctr. v. Cheung*, 513 F. Supp. 2d 1185, 1190 (D. Haw. 2007).  Though

§ 1331 provides the basis for federal question jurisdiction, it does not provide the basis for a

claim, in and of itself.  Thus, to the extent Plaintiff attempts to assert an independent claim for

violations of § 1331, his claim is not cognizable and should be dismissed with prejudice.

### 2.    *Section 1343 Claim*

The statutory language of 28 U.S.C. § 1343 sets out the jurisdiction of district courts in

civil actions. 28 U.S.C. § 1343(a).  However, "28 U.S.C. § 1343 does not create a private right of

action[.]"  *Albra v. City of Fort Lauderdale*, 2007 WL 1213230, at *6 (11th Cir. 2007).

Accordingly, Plaintiff's § 1343 claim should be dismissed with prejudice.

### 3.    *Section 1983 Claim*

Section 1983 provides a remedy against state actors who violate a person's federal rights

while acting under state authority.  *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853,

869 (10th Cir. 2016).  It does not permit similar claims against federal officials.  *Ziglar v.

Abbasi*, 137 S. Ct. 1843, 1854 (2017).  Therefore, to the extent Plaintiff alleges a § 1983 claim

against Defendant, Plaintiff fails to state a claim for which relief can be granted, and the claim

should be dismissed.

*4.      Section 1985 Claim*

Defendant argues Plaintiff has failed to allege facts to state a § 1985 conspiracy claim. (Mot. at 19.)

"[Section] 1985(1) prohibits, *inter alia*, two or more people from conspiring to prevent by force, intimidation, or threat, any person from holding an office under the United States or from discharging the duties thereof.  A viable § 1985(1) cause of action requires allegations of class-based or racial discriminatory animus."  *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) (citations omitted).  Plaintiff's Complaint is devoid of any allegations of class-based or racial discriminatory animus.  Accordingly, Plaintiff's § 1985 claim should be dismissed.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Motion to Dismiss of Defendant the Honorable Douglas Lamborn" (Doc. No. 20) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge