# 𝕴𝕹 𝕿𝕳𝕰 𝖀𝕹𝕴𝕿𝕰𝕯 𝕾𝕿𝕬𝕿𝕰𝕾 𝕮𝕺𝖀𝕽𝕿 𝕺𝕱 𝕬𝕻𝕻𝕰𝕬𝕷𝕾 𝕱𝕺𝕽 𝕿𝕳𝕰 𝕿𝕰𝕹𝕿𝕳 𝕮𝕴𝕽𝕮𝖀𝕴𝕿

### Case No. 22-1079

Murphy, Marcus A., *Plaintiff  – Appellant*

*v.*

Lamborn, Doug L., *Defendant – Appellee*

Appeal of Order granting *Defendant – Appellee* "Lamborn's Motion to Dismiss on Feb. 15, 2022 (2-15-22), by the United States District Court for the District of Colorado (D-CO).

### **APPELLANT'S OPENING-BRIEF**

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442),* 5795 Southmoor Dr Lot 53, Fountain, CO  80817, (720) 256-0991, MarcusMurphy1975@hotmail.com

*Plaintiff – Appellant* "Murphy" waives Oral-Argument.

## CERTIFICATE OF INTERESTED PERSONS

Certificate of Interested Persons (F.R.A.P. 28.2.1): Marcus A. Murphy, *Plaintiff – Appellant v.* Doug L. Lamborn, *Defendant – Appellee*, Case No. 22-1079 – The undersigned unrepresented-party certifies that the following listed persons and entities, as described in the fourth sentence of Rule-28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal: Douglas L. Lamborn (*Defendant – Appellee*), 1125 Kelly Johnson Blvd. Ste 330, Colorado Springs, CO  80920, Phone #: Unknown, e-mail: Unknown, County of Residence: El Paso, Attorneys: Letter, Tatelman, Hanner, & Clouse, 5140 O'Neill House Office Bldg., Washington, DC  20515. Congressman Doug Lamborn is the U.S. House-Representative for Colorado's Fifth-District. *Defendant – Appellee* "Lamborn" is sued personally, *only* in his official-capacity. The U.S. House-Representative for Colorado's Fifth-District is being sued; because, by election & under oath, *Defendant – Appellee* "Congressman-Lamborn" is the duly-elected Congressional-Representative for the People, including *Plaintiff – Appellant* "Murphy", of Colorado's Fifth-District, with the Constitutional-Duty "to support and defend the Constitution of the United States against all enemies, foreign and domestic; bear true faith and allegiance to the same; and well and faithfully

discharge the duties of the office". Marcus A. Murphy (*Plaintiff – Appellant*), 5795

Southmoor Dr Lot 53, Fountain, CO  80817.

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff –  Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## STATEMENT REGARDING ORAL ARGUMENT

Statement regarding Oral-Argument (F.R.A.P. 28.2.3): I, Marcus A. Murphy, *Plaintiff – Appellant*, do hereby waive Oral-Argument. *Plaintiff – Appellant*-"Murphy" waives Oral-Argument.

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## <u>TABLE OF CONTENTS (F.R.A.P. 28(a)(2))</u>

**1. Caption –** p. 1

**2. Certificate of Interested Persons –** pp. 2-3

**2. Statement regarding Oral Argument –** p. 4

**3. Table of Contents, with page references –** p. 5

**4. Table of Authorities –** pp. 6-13

**5. Jurisdictional Statement –** pp. 14-17

**6. Statement of Issues presented for Review –** pp. 18-19

**7. Concise Statement of the Case setting out the Facts –** pp. 20-21

**8. Summary of the Argument –** pp. 22-24

**9. The Argument –** pp. 25-53

**10. Short Conclusion stating the precise Relief sought –** pp. 54-56

**11. Signature of Counsel or a Party –** p. 57

**12. Certificate of Service in the form –** pp. 58-60

**13. Certificate of Compliance (if required) –** p. 61

## <u>TABLE OF AUTHORITIES (F.R.A.P. 28(a)(3))</u>

*ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir.1994), p. 40

*Albright v. Oliver*, 510 U.S. 266, 267, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114

    (1994), p. 35

*Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), p. 40

*American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir.

    2007), cert. denied, 128 S. Ct. 1472, 170 L. Ed. 2d 296 (U.S. 2008), pp. 27,

    32

*Anspach ex rel. Anspach v. City of Philadelphia, Dept. of Public Health*, 503 F.3d

    256, 273 n.11 (3d Cir. 2007), p. 37

*Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F. Supp. 690, 692 (S.D.

    N.Y. 1995), p. 36

*APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003), p. 32

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097

    (2006), pp. 26, 32-33

*Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005), p. 34

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008),

    pp. 37-38

*Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996), p. 30

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (U.S. 2007), pp. 31, 35

*Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946), p. 29

*Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996), cert. denied, 519 U.S. 817, 117 S. Ct. 68, 136 L. Ed. 2d 29 (1996), p. 40

*Boock v. Shalala*, 48 F.3d 348, 353 (8th Cir. 1995), p. 29

*Breuer v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994), p. 36

*Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), p. 28

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), p. 38

*CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008), p. 32

*Conolly v. Taylor*, 27 U.S. 556, 7 L. Ed. 518, 1829 WL 3192 (1829), p. 31

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008), pp. 35, 37

*Eberhardt v. O'Malley*, 17 F.3d 1023, 1024 (7th Cir. 1994), p. 40

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (U.S. 2007), pp. 36, 39

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), p. 39

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), pp. 36, 39

*Evers v. Astrue*, 536 F.3d 651 (7th Cir. 2008), p. 34

*Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277 (3d Cir. 1991), cert.

    denied, 502 U.S. 939, 112 S. Ct. 373, 116 L. Ed. 2d 324 (1991), p. 38

*Foster Wheeler Energy Corp. v. Metropolitan Knox Solid Waste Authority, Inc.*,

    970 F.2d 199, 202 (6th Cir. 1992), p. 40

*Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007), p. 35

*Garcia v. Copenhauer, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260-61

    (11th Cir. 1997), p. 28

*Gibbs v. Buck*, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939), pp. 27, 31

*Giesse v. Secretary of Dept. of Health and Human Services*, 522 F.3d 697, 702 (6th

    Cir. 2008), p. 28

*Goldstein v. City of Long Beach*, 481 F.3d 1170, 1172 (9th Cir. 2007), cert.

    granted, 128 S. Ct. 1872, 170 L. Ed. 2d 743 (U.S. 2008), p. 41

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574, 124 S. Ct. 1920,

    1925, 158 L. Ed. 2d 866 (2004), p. 31

*Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79, 39 L. Ed. 2d

    577 (1974), p. 29

*Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652

    (1972), p. 36

*Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007), pp. 28, 32, 34

*Hanna v. Plumer*, 380 U.S. 460 (1965), p. 39

*Hart v. Department of Labor ex rel. U.S.*, 116 F.3d 1338 (10th Cir. 1997), p. 29

*Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008), pp. 30-31

*Health Cost Controls v. Skinner*, 44 F.3d 535 (7th Cir. 1995), p. 29

*Henthorn v. Department of Navy*, 29 F.3d 682 (D.C. Cir. 1994), p. 35

*Hill v. City of New York*, 45 F.3d 653, 659 (2d Cir. 1995), p. 40

*In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008), p. 37

*In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008), p. 37

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 170-71, 125 S. Ct. 1497, 1502-03, 161 L. Ed. 2d 361 (2005), p. 35

*Johnson v. U.S.*, 534 F.3d 958, 964 (8th Cir. 2008), pp. 33-34

*Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006), p. 34

*Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008), pp. 31, 34

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992), p. 28

*Maio v. Aetna, Inc.*, 221 F.3d 472, 485 (3d Cir. 2000), p. 36

*McCann v. Newman Irrevocable Trust*, 458 F.3d 281 (3d Cir. 2006), p. 33

*McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007), p. 31

*Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002), p. 28

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985), p. 41

*Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996), p. 28

*Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), pp. 29, 35

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003), cert. denied, 541 U.S. 959, 124 S. Ct. 1714, 158 L. Ed. 2d 400 (2004), p. 32

*Newell Operating Co. v. International Union of United Auto., Aerospace, and Agr. Implement Workers of America*, 532 F.3d 583, 587 (7th Cir. 2008), p. 30

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995), p. 31

*Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005), pp. 33-34

*Parker v. Hurley*, 514 F.3d 87, 90-91 (1st Cir. 2008), p. 38

*Pegram v. Herdrich*, 530 U.S. 211, 229, 120 S. Ct. 2143, 2155, 147 L. Ed. 2d 164 (2000), p. 35

*Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 145 (1st Cir. 2004), p. 36

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

    113 S. Ct. 684, 121 L. Ed. 2d 605 (1993), p. 41

*Pueschel v. U.S.*, 369 F.3d 345, 353 n.3 (4th Cir. 2004), p. 38

*Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir. 1991), cert. denied, 502

    U.S. 821, 112 S. Ct. 81, 116 L. Ed. 2d 54 (1991), p. 36

*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), p. 37

*Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 304 (4th Cir.

    2006), p. 40

*Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392 (3d Cir. 1991), cert. denied, 502

    U.S. 981, 112 S. Ct. 582, 116 L. Ed. 2d 608 (1991), p. 31

*Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999), cert. denied, 529 U.S.

    1003, 120 S. Ct. 1267, 146 L. Ed. 2d 217 (2000), p. 27

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), pp. 30,

    35

*Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir.

    2002), p. 32

*Skwira v. U.S.*, 344 F.3d 64, 71-72 (1st Cir. 2003), cert. denied, 542 U.S. 903, 124

    S. Ct. 2836, 159 L. Ed. 2d 267 (2004), p. 33

*Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003), p. 38

*Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008), pp. 26-27, 32, 34

*Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007), p. 31

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), cert. denied, 516 U.S. 1093, 116 S. Ct. 815, 133 L. Ed. 2d 760 (1996), p. 30

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), p. 35

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), cert. denied, 537 U.S. 1200, 123 S. Ct. 1287, 154 L. Ed. 2d 1041 (2003), p. 37

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (U.S. 2007), p. 35

*Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942), p. 28

*Torres-Negron v. J. & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007), p. 27

*Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002), p. 28

*Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008), pp. 37-38

*U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007), pp. 27, 32

*U.S. v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999), p. 28

*Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363-64 (1st Cir. 2001), p. 27

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), p. 34

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008), p. 37

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), p. 40

*Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990), p. 36

*Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007), p. 41

*Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253

> (2d Cir. 2000), p. 32

28 U.S.C. § 1291, pp. 16, 40

28 U.S.C. 1343(a), p. 48

28 U.S.C. 1355(a), p. 48

28 U.S.C. §§ 2201(a), 2202, p. 55

42 U.S.C. 1983, p. 48

42 U.S.C. 1985(1) & (3), p. 48

Rule-56 (F.R.C.P.), p. 38

Local-Rule (L.R.) 5.2(d), p. 38

"Illiberal Construction of *Pro Se* Pleadings", Rory K. Schneider, p. 39

"The 14th Amendment's Disqualification Provision and the Events of Jan. 6",

> Gerard Magliocca, p. 48

## JURISDICTIONAL STATEMENT

*Plaintiff – Appellant*-"Murphy" offers the following statement on this appellate-court's jurisdiction: *Plaintiff – Appellant*-"Murphy" claims federal-Question Jurisdiction under the U.S. Constitution's First, Fourth, Fifth, & Fourteenth Amendments; also under 28 U.S.C. § 1331-federal-Question, as well as 28 U.S.C. § 1343(a)-Civil-Rights and Elective-Franchise (*per* 42 U.S.C. § 1985(1) & (3)-Conspiracy to Interfere with Civil-Rights), 28 U.S.C. § 1355(a)-Fine, Penalty or Forfeiture, and 42 U.S.C. § 1983-Civil-Action for Deprivation of Rights. The district-court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, because *Plaintiff – Appellant*-"Murphy" challenges *Defendant – Appellee* "Lamborn's power to remain in office as the U.S. House-Representative of the People of Colorado's Fifth-District, as violating *Plaintiff – Appellant*-"Murphy's Constitutional-Rights guaranteed under the U.S. Constitution's First, Fourth, Fifth, & Fourteenth Amendments. Federal-question jurisdiction is also appropriate, because this action is brought pursuant to 42 U.S.C. § 1983, as *Defendant – Appellee* "Lamborn" has allegedly violated *Plaintiff – Appellant*-"Murphy's Constitutional-Rights under the color of federal-law. *See* 28 U.S.C. § 1343; *see also id*. § 1331. The district-court is authorized to issue the requested injunctive-relief pursuant to 42 U.S.C. § 1983 and F.R.C.P. (Federal-Rule of Civil-Procedure)

65. 28 U.S.C. § 1391(a), (b)(1),(2), & (c) – Venue generally, provides that: "(a) Applicability of Section. – Except as otherwise provided by law – (1) this section shall govern the venue of all civil-actions brought in district-courts of the United States; and (2) the proper-venue for a civil-action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in General. – A civil-action may be brought in – (1) a judicial-district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial-district in which a substantial-part of the events or omissions giving rise to the claim occurred, .... (c) Residency. – For all venue purposes – (1) a natural-person, ..., shall be deemed to reside in the judicial-district in which that person is domiciled; ...." Venue is proper in the district-court, because *Defendant – Appellee* "Lamborn" is the U.S. House-Representative for Colorado's Fifth-District, and resides & has his office in the State of Colorado. Additionally, *Plaintiff – Appellant-*"Murphy" resides within the State of Colorado. *See* 28 U.S.C. § 1391(b)(1). In addition, a substantial-part of the events that give rise to *Plaintiff – Appellant-*"Murphy's claims occurred within the State of Colorado. *See id*. § 1391 (b)(2). *Plaintiff – Appellant-*"Murphy's personal Constitutional-Right to vote ... for President, gives him standing to make the Right-to-Vote argument. In *Ex Parte Young*, 209 U.S. 123 (1908), the Court ruled that if government-officials attempt to unconstitutionally-enforce the laws & constitution, then sovereign-immunity does

not prevent people whom the unconstitutional-enforcement harms, from suing those officials in their individual-capacity for injunctive-relief, because those government-officials are not acting on behalf of the federal-government in this situation. 28 U.S.C. § 2107 – "Time for appeal to court of appeals" provides that: "(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil-nature before a court of appeals for review unless notice of appeal is filed, within thirty-days after the entry of such judgment, order or decree." Rule-4. Appeal as of Right – When Taken (F.R.A.P.) provides that: "(a) Appeal in a Civil-Case. (1) Time for Filing a Notice of Appeal. (A) In a civil-case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district-clerk within 30-days after entry of the judgment or order appealed from." 28 U.S.C. § 1291 – "Final decisions of district courts" provides that: "The courts of appeals (other than the United-States Court of Appeals for the Federal-Circuit) shall have jurisdiction of appeals from all final-decisions of the district-courts of the United States, the United-States District-Court for the District of the Canal Zone, the District-Court of Guam, and the District-Court of the Virgin Islands, except where a direct-review may be had in the Supreme-Court. The jurisdiction of the United-States Court of Appeals for the Federal-Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title (June 25,

1948, ch. 646, 62 Stat. 929; Oct. 31, 1951, ch. 655, § 48, 65 Stat. 726; Pub. L. 85–

508, § 12(e), July 7, 1958, 72 Stat. 348; Pub. L. 97–164, title I, § 124, Apr. 2, 1982,

96 Stat. 36.).

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW (F.R.A.P. (28(b))</u>

The main-issue is whether the district court erred & committed reversible-error under § 3 of the Fourteenth Amend., et al., by making clearly-erroneous factual-determinations; or by abusing its discretion by granting *Defendant – Appellee* "Lamborn's Dismissal-Motion & Final-Judgment in favor of *Defendant – Appellee* "Lamborn". Beyond that, the legal-issue & standard of review is whether the district-court (D-CO) erred & committed reversible-error by making findings of fact that are Clearly-Erroneous, and/or by Abuse of Discretion interpreting relevant statutory-law & case-law; specifically, whether the United States District Court for the District of Colorado (D-CO) erred by granting *Defendant – Appellee* "Lamborn's Motion to Dismiss on Feb. 15, 2022 (2-15-22). The district-court clearly erred when it incorrectly found that *Plaintiff – Appellant*-"Murphy's Complaint (ECF-1/ROA.1) lacks subject-matter jurisdiction (SMJ). The district-court clearly erred when it incorrectly found that *Plaintiff – Appellant*-"Murphy" failed to state a claim upon which relief can be granted. The district-court abused its discretion by adopting the Magistrate's Recommendation (ECF-25/ROA.25), in contradiction to *Plaintiff – Appellant*-"Murphy's Non-Consent, under 28 U.S.C. § 636(c), to having a U.S. magistrate-judge conduct all proceedings in this civil-action, including trial, and to order the entry of a final-judgment. The district-court

abused its discretion by ordering the court-clerk to prematurely close *Plaintiff – Appellant-*"Murphy's case/Complaint (ECF-1/ROA.1).

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## <u>CONCISE STATEMENT OF THE CASE SETTING OUT THE FACTS</u>

## <u>(F.R.A.P. 28(a)(6))</u>

*Defendant – Appellee* "Lamborn" was civilly-charged with Insurrection and Rebellion on Wed., Jan. 6, 2021 (1-6-21), for his official-actions as U.S. House Representative for Colorado's Fifth-District (CO-5). From *Plaintiff – Appellant-* "Murphy's Complaint (ECF-1/ROA.1): "According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), *Defendant – Appellee* "Lamborn" 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President *even after* the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the Security of the People's House under color of federal-law. 8. Denied Due-Process

of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof."

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

# SUMMARY OF THE ARGUMENT

If it pleases the court, *Plaintiff – Appellant*, Marcus A. Murphy, offers this his Opening-Brief. As such, under the criteria set forth in Federal Rule of Civil Procedure (FRCP) 4, neither regular-Motions (*i.e.*, non-12(b)(6)) nor Discovery may commence until *Defendant – Appellee* "Lamborn" provides an Answer. *Defendant – Appellee* "Lamborn" thus far ignores *Plaintiff – Appellant* "Murphy's Complaint (ECF-1/ROA.1), by relying on Improper-Service as a laughable-defense to Insurrection & Rebellion, as factually-alleged in *Plaintiff – Appellant* "Murphy's Complaint (ECF-1/ROA.1). In accordance with the provisions of 28 U.S.C. § 636(c), *Plaintiff – Appellant* "Murphy" acknowledged the availability of a United States magistrate judge to try this case or rule on dispositive motions, but chose ***not*** to consent to proceed before the magistrate judge on May, 4, 2021 (5-4-21). In other words, the political-misgivings of a retiring-magistrate are as irrelevant as the pretextual proper-service issue! Furthermore, under 28 U.S.C. § 636(c) and (1) D.C.COLO.LcivR 40.1(c) (Assignment of Cases/Direct Assignment to Magistrate Judges); (2) Fed. R. Civ. P. 73 and D.C.COLO.LcivR 72.2 (Consent Jurisdiction of a Magistrate Judge); & (3) D.C.COLO.LAPR 72.2 (Consent Jurisdiction of a Magistrate Judge); at least one party in this civil action DID NOT CONSENT to have a United States magistrate judge conduct all proceedings in this civil action,

including trial, or to order the entry of a final judgment. In conclusion, *Defendant –*
*Appellee* "Lamborn" merely responds with a frivolous, Rule-12(b)(1) & (6)
dismissal-motion, which was clearly & obviously dis-spelled *via* the prophylactic-
language of the initial-Complaint (ECF-1/ROA.1). *Defendant – Appellee*
"Lamborn" attempts a sleight of hand by not actually Answering yet, not
conceding to Service, and not precluding other Rule-12(b) dismissal-motions,
while at the same time trying to pre-argue the case with boiler-plate language: that
the Complaint (ECF-1/ROA.1) does not allege any facts establishing.... Indeed,
*Defendant – Appellee* "Lamborn's counsel cannot resist the temptation of pre-
arguing the merits of the case even before answering. Instead of providing an
Answer, *Defendant – Appellee* "Lamborn's counsel camouflages its denial of
*Plaintiff – Appellant*-"Murphy's factual-allegations by mis-interpreting the
Complaint (ECF-1/ROA.1) as not alleging any facts, without actually being in
Discovery. Once again, *Defendant – Appellee* "Lamborn" creates a logic-error by
intentionally presenting a false Catch-22/circular-paradigm to the court: that
*Plaintiff – Appellant*-"Murphy" supposedly lacks the minimum pleading-standards
in the initial-Complaint (ECF-1/ROA.1), because sufficient-facts were supposedly
not asserted; therefore, Discovery is not necessary to ascertain the veracity of
*Plaintiff – Appellant*-"Murphy's alleged-facts, because *Defendant – Appellee*
"Lamborn" has already provided the court with everything it needs to know.

Unfortunately, the standard-Answer with Denials has been replaced with the standard Rule-12(b)(6) dismissal-motion with its *pseudo*-Denials (*e.g.*, failure to allege facts), in order to stall *Plaintiff – Appellant*-"Murphy's Initiative. Hopefully, it is understandable that *Plaintiff – Appellant*-"Murphy" is extremely-reluctant to engage with *Defendant – Appellee* "Lamborn's counsel now on this hill as a mere, frivolous Rule-12(b)(6) dismissal-motion, by arguing the merits of the case before even being in Discovery, let alone pre-trial Summary-Judgment arguments, or even a Bench-Trial, if necessary. The district-court clearly erred when it incorrectly found that *Plaintiff – Appellant*-"Murphy's Complaint (ECF-1/ROA.1) lacks subject-matter jurisdiction (SMJ). The district-court clearly erred when it incorrectly found that *Plaintiff – Appellant*-"Murphy" failed to state a claim upon which relief can be granted. The district-court abused its discretion by adopting the Magistrate's Recommendation (ECF-25/ROA.25), in contradiction to *Plaintiff – Appellant*-"Murphy's Non-Consent, under 28 U.S.C. § 636(c), to having a U.S. magistrate-judge conduct all proceedings in this civil-action, including trial, and to order the entry of a final-judgment. The district-court abused its discretion by ordering the court-clerk to prematurely close *Plaintiff – Appellant*-"Murphy's case/Complaint (ECF-1/ROA.1).

# THE ARGUMENT

**Assertion of Final-Judgment:** *Plaintiff – Appellant-*"Murphy" asserts that the district-court's Appeal of Order granting *Defendant – Appellee* "Lamborn's Motion to Dismiss on Feb. 15, 2022 (2-15-22), by the United States District Court for the District of Colorado (D-CO), was a Final-Judgment. *Plaintiff – Appellant-*"Murphy" waives Oral-Argument. **Filing Dates:** *Plaintiff – Appellant-*"Murphy" suffered a denial & violation of his constitutional-Rights by *Defendant – Appellee* "Lamborn" on Wed., Jan. 6, 2021 (1-6-21); *Plaintiff – Appellant-*"Murphy" filed this Complaint on Jan. 11, 2021 (1-11-21) (ECF-1/ROA.1); the Summons was Issued by the district-court on Jan. 21, 2021 (1-21-21) (ECF-8/ROA.8); the Summons was Returned *Unexecuted* (*e.g.*, signed Certified-Mail Receipt) to the district-court on Mar. 7, 2021 (3-7-21) (ECF-9/ROA.9); the district-court issued a Show-Cause Order defending proper-service on Apr. 23, 2021 (4-23-21) (ECF-10/ROA.10); the Summons was Returned *Unexecuted* (*e.g.*, signed Certified-Mail Receipt) to the district-court once again on May 4, 2021 (5-4-21) (ECF-11/ROA.11); *Plaintiff – Appellant-*"Murphy" also refused to consent to a Magistrate-Judge on May, 4 2021 (5-4-21) (ECF-12/ROA.12); *Plaintiff – Appellant-*"Murphy" responded to the district-court's Show-Cause Order on May 4, 2021 (5-4-21) as well (ECF-14/ROA.14); *Defendant – Appellee* "Lamborn"

submitted a Dismissal-Motion for lack of jurisdiction & failure to state a claim on Jun. 11, 2021 (6-11-21) (ECF-20/ROA.20); the district-court discharged the Show-Cause Order on Jun. 16, 2021 (6-16-21) (ECF-21/ROA.21); *Plaintiff – Appellant*-"Murphy" responded to *Defendant – Appellee* "Lamborn's Dismissal-Motion on Jul. 2, 2021 (7-2-21) (ECF-22/ROA.22); *Defendant – Appellee* "Lamborn" replied to *Plaintiff – Appellant*-"Murphy's Dismissal-Motion Response on Jul. 16, 2021 (7-16-21) (ECF-24/ROA.24); the district-court granted *Defendant – Appellee* "Lamborn's Dismissal-Motion on Feb. 15, 2022 (2-15-22) (ECF-27/ROA.27); the district-court issued a Final-Judgment also on Feb. 15, 2022 (2-15-22) (ECF-28/ROA.28); *Plaintiff – Appellant*-"Murphy" filed an Appeal-Notice on Mar. 16, 2022 (ECF-29/ROA.29). **Argument:** Rule-12(b)(1) (F.R.C.P.) – *Plaintiff – Appellant*-"Murphy" offers the following in-depth analysis of Rule-12(b)(1): A case will be dismissed under this provision if the court lacks the statutory-authority to hear and decide the dispute (*e.g.*, if there is no federal-question at issue, if the parties are not completely diverse, or if the amount in controversy does not exceed $75,000). APPLICATIONS – Types of Challenges: A claim can be challenged under this provision both facially and substantively. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008) (discussing differences); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007) (same). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500,

126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006). On a facial challenge, the defendant contests the adequacy of the language used in the pleading. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008); *Torres-Negron v. J. & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007); *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). The pleader is required to formally aver the basis for jurisdiction in federal-court; if the pleader fails to do so, the pleading can be dismissed. *See Gibbs v. Buck*, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939). *See also Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363-64 (1st Cir. 2001). On a substantive (or factual) challenge, the defendant objects to the factual-merits of the asserted federal-jurisdiction. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007); *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), cert. denied, 128 S. Ct. 1472, 170 L. Ed. 2d 296 (U.S. 2008). In such a challenge, the pleading itself may have adequately alleged the presence of federal subject-matter-jurisdiction, but the actual facts and allegations before the court may belie that averment, confirming that federal-jurisdiction is absent and, thus, compelling the case's dismissal. *See Gibbs v. Buck*, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939); *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999), cert. denied, 529 U.S. 1003, 120

S. Ct. 1267, 146 L. Ed. 2d 217 (2000); *U.S. v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999). Burden of Proof: When a defendant challenges subject-matter-jurisdiction, the plaintiff (as the party asserting the existence of jurisdiction) must bear the burden of establishing jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008); *Giesse v. Secretary of Dept. of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008). The plaintiff must carry this burden by a preponderance of the evidence. *See Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002). The burden, however, is generally not a heavy one. *See Garcia v. Copenhauer, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997) ("extremely difficult" to dismiss claim for lacking subject-matter-jurisdiction); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (plaintiff's burden not onerous). *See also Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (commenting that claim will generally survive motion to dismiss if plaintiff shows "any arguable-basis in law" for claims alleged). In federal-question cases, the party must demonstrate a non-frivolous claim based on federal-law, and must meet all other statutory-prerequisites for litigating the federal-claim (such as exhaustion of

administrative-remedies and compliance with all claims-filing limitations and requirements. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (noting that a patently insubstantial-complaint may be dismissed for want of subject-matter-jurisdiction); *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79, 39 L. Ed. 2d 577 (1974) (commenting that federal-courts lack power to hear cases otherwise within their jurisdiction but which are "so attenuated and unsubstantial" as to be clearly devoid of merit); *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (observing that actions may sometimes be dismissed for lack of jurisdiction where the federal-claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). *Cf. Boock v. Shalala*, 48 F.3d 348, 353 (8th Cir. 1995) (holding that federal-claims, although "clearly meritless", were not so patently frivolous that they failed to confer subject-matter-jurisdiction); *Health Cost Controls v. Skinner*, 44 F.3d 535 (7th Cir. 1995) (holding that subject-matter dismissal is proper only where allegations are frivolous). Allegations that fail to meet the "frivolous" test warranting dismissal under Rule-12(b)(1) may nevertheless still be dismissed under Rule-12(b)(6) for failing to state a cognizable-claim for relief. *See Hart v. Department of Labor ex rel. U.S.*, 116 F.3d 1338 (10th Cir. 1997) (analyzing under Rule-12(b)(1) the defense that plaintiff failed to file timely-claim with proper-

agency as required by the Federal Tort Claims Act). Whether the *Feres* doctrine applies (barring lawsuits against the United States where the alleged-injury was incident to military-service) is also tested under Rule-12(b)(1). In all cases, the lawsuit must remain a live "case or controversy" subject to the federal-courts' judicial-power under Article-III of the Constitution. *See Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) (ripeness challenges are examined under Rule-12(b)(1)); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), cert. denied, 516 U.S. 1093, 116 S. Ct. 815, 133 L. Ed. 2d 760 (1996) (Rule-12(b)(1) motion granted where actual-controversy had been removed and the remaining-issues had been rendered moot). Legal-Test: The legal-test for assessing whether a federal-lawsuit, challenged under Rule-12(b)(1), may continue or must be dismissed depends on the type of challenge posed: Facial (or "Technical") Challenges: In examining facial (or technical) challenges to federal subject-matter-jurisdiction, the court will construe the complaint liberally, accept all uncontroverted, well-pleaded factual-allegations as true, and view all reasonable-inferences in plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Newell Operating Co. v. International Union of United Auto., Aerospace, and Agr. Implement Workers of America*, 532 F.3d 583, 587 (7th Cir. 2008); *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007). The

court views the allegations as a whole; if a conclusory-averment of subject-matter-jurisdiction is contradicted by other-allegations in the pleading, the case may be dismissed. *See Gibbs v. Buck*, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). This approach mirrors the procedure (and safeguards for the nonmoving-party) of Rule-12(b)(6). *See Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008); *McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). The adequacy of the pleading will be tested under the "short and plain" standard of Rule-8, as sharpened by the "plausibility"-benchmark established in *Twombly*. *See Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (applying *Twombly* plausibility-standard to Rule-12(b)(1) challenge). *See also Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (noting plausibility-standard). *See generally Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (U.S. 2007). Whether subject-matter-jurisdiction exists is tested as of the date the lawsuit was filed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574, 124 S. Ct. 1920, 1925, 158 L. Ed. 2d 866 (2004); *Conolly v. Taylor*, 27 U.S. 556, 7 L. Ed. 518, 1829 WL 3192 (1829) (Marshall, C.J.); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392 (3d Cir. 1991), cert. denied, 502 U.S. 981, 112 S. Ct. 582, 116 L. Ed. 2d 608 (1991). Factual (or "Substantive") Challenges: In factual (or substantive) subject-matter-

jurisdiction attacks, the court will not presume that plaintiff's factual-allegations are true, and will not accept conclusory-allegations as true, but may instead weigh the evidence before it and find the facts, so long as this factfinding does not involve the merits of the dispute. *See CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003), cert. denied, 541 U.S. 959, 124 S. Ct. 1714, 158 L. Ed. 2d 400 (2004); *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). *See Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006); CNA v. U.S., 535 F.3d 132, 143-45 (3d Cir. 2008); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007); *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), cert. denied, 128 S. Ct. 1472, 170 L. Ed. 2d 296 (U.S. 2008). In doing so, the court enjoys broad-discretion. The court may receive and consider extrinsic-evidence. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008); *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). The court must permit the pleader to respond with supporting-evidence and, where necessary, may convene a limited evidentiary-hearing or plenary-trial to find the facts. *See*

*Johnson v. U.S.*, 534 F.3d 958, 964 (8th Cir. 2008); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281 (3d Cir. 2006); *Skwira v. U.S.*, 344 F.3d 64, 71-72 (1st Cir. 2003), cert. denied, 542 U.S. 903, 124 S. Ct. 2836, 159 L. Ed. 2d 267 (2004). Whether a hearing must be held or not depends on the circumstances, and whether the parties have otherwise received notice and a fair-opportunity to be heard. *See Johnson v. U.S.*, 534 F.3d 958, 964 (8th Cir. 2008); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281 (3d Cir. 2006). A central-consideration in whether to convene such a hearing is whether any of the parties have requested it. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281 (3d Cir. 2006). Moreover, if a material-fact concerning jurisdiction is disputed, a plenary-hearing may be necessary to resolve the contested-issue. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281 (3d Cir. 2006). If the merits are implicated by the jurisdictional-challenge, the court will treat the motion as any other substantive-challenge to the merits of the dispute, constrained by the limitations of summary-judgment practice and reserving the resolution of genuine-issues of material-fact for the *ultimate-factfinder. See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007); *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Such a treatment is appropriate when the jurisdictional-issue is so "intertwined"

with the merits that the two cannot be separated. *See Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007); *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). Extrinsic-Materials: The appropriate role for extrinsic-materials depends on the type of Rule-12(b)(1) challenge the parties make. In a facial (or technical) attack, the court is limited to considering the complaint alone. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). In a factual (or substantive) attack, the parties may produce affidavits and other-materials to support their positions on subject-matter-jurisdiction. *See Evers v. Astrue*, 536 F.3d 651 (7th Cir. 2008); *Johnson v. U.S.*, 534 F.3d 958 (8th Cir. 2008); *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008); *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007). The court may also consider matters of public-record. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Rule-12(b)(6) (F.R.C.P.) – *Plaintiff – Appellant*-"Murphy" offers the following in-depth analysis of Rule-12(b)(6): When a claim is challenged under this Rule, the court construes the pleading liberally in the pleader's favor. *See Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006). The court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (U.S. 2007); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (U.S. 2007); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 170-71, 125 S. Ct. 1497, 1502-03, 161 L. Ed. 2d 361 (2005); *Albright v. Oliver*, 510 U.S. 266, 267, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114 (1994); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). No claim will be dismissed, merely because the trial-judge disbelieves the allegations or feels that recovery is remote or unlikely. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (U.S. 2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Although the factual-averments in the pleading are deemed true on a motion to dismiss, the court will likely refuse to accept as true the pleader's statements made for the first-time in a legal memorandum or brief that forms no part of the official-pleadings. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007); *Henthorn v. Department of Navy*, 29 F.3d 682 (D.C. Cir. 1994). However, the pleader's memorandum or brief can be used to "clarify" allegations of the pleading (*See Pegram v. Herdrich*, 530 U.S. 211, 229, 120 S. Ct. 2143, 2155, 147 L. Ed. 2d 164 (2000)), as can statements made by the pleader during

oral-argument. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 485 (3d Cir. 2000). The Burden of Proof lies with the moving-party. *See Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir. 1991), cert. denied, 502 U.S. 821, 112 S. Ct. 81, 116 L. Ed. 2d 54 (1991); *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990); *Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F. Supp. 690, 692 (S.D. N.Y. 1995) (observing that Rule-12(b)(6) imposes substantial proof-burdens upon the movant). *See Breuer v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (noting that Rules "erect a powerful-presumption against rejecting pleadings for failure to state a claim-")(citation omitted). In fact, even a failure by the non-moving party to oppose the motion will not necessarily justify an automatic-dismissal (unless by local-rule or court-order a response is required on pain of dismissal). *See Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 145 (1st Cir. 2004). The trial-court must still determine whether a dismissal is appropriate. Courts are particularly-cautious while inspecting pleadings prepared by plaintiffs who lack counsel and are proceeding *pro-se*. Often inartful, and rarely composed to the standards expected of practicing-attorneys, *pro-se* pleadings are viewed with considerable-liberality and are held to less-stringent standards than those expected of pleadings drafted by lawyers. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (U.S. 2007) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92

S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). Notwithstanding this liberality, unrepresented-plaintiffs are not relieved of their obligation to allege sufficient-facts to support a cognizable legal-claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), cert. denied, 537 U.S. 1200, 123 S. Ct. 1287, 154 L. Ed. 2d 1041 (2003); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). In ruling on a Rule-12(b)(6) motion, the court may consider the complaint itself and only a very-few other-categories of materials. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The courts may consider exhibits attached to the complaint (*See In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)), documents that the complaint incorporates by reference (provided they are both undisputed and central to the pleaded-claims) (*See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)), and materials of which the court may take judicial-notice. (*See Anspach ex rel. Anspach v. City of Philadelphia, Dept. of Public Health*, 503 F.3d 256, 273 n.11 (3d Cir. 2007); *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Bassett v. National*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Parker v. Hurley*, 514 F.3d 87, 90-91 (1st Cir. 2008)). Beyond these, the parties may supply affidavits and other-materials either in support of or in opposition to a motion for failure to state a claim, but doing so will re-cast the motion. *See Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277 (3d Cir. 1991), cert. denied, 502 U.S. 939, 112 S. Ct. 373, 116 L. Ed. 2d 324 (1991). If the court, in its discretion (*See Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008); *Pueschel v. U.S.*, 369 F.3d 345, 353 n.3 (4th Cir. 2004); *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003)), considers such extrinsic-evidence, the motion must be converted into a request for summary-judgment under Rule-56. The process for this conversion (which once was set forth in the text of Rule-12(b)(6) was relocated by the 2007 amendments to its new location in Rule-12(d). Apparently, *Defendant – Appellee* "Lamborn's counsel is attempting to lure hapless *Plaintiff – Appellant*-"Murphy" into supplying a premature-Affidavit, which would trigger the re-casting of this Motion as a premature Rule-56 Summary-Judgment motion. *See* L.R.-5.2(d). In conclusion, *Plaintiff – Appellant*-"Murphy" respectfully submits that he has constitutional & federal-law rights to entitlement to relief, because his claims are beyond the level of speculation, from conceivable to plausible, *per* the basic-"notice" pleading-standard. Memorandum of Law – In *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), the Court ruled

that: "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim..." Also, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court ruled that *Pro-Se* pleadings are to be liberally-construed. (*See also Estelle v. Gamble*, 429 U.S. 97 (1976)). Furthermore, in his legal-Comment: "Illiberal Construction of Pro Se Pleadings", Rory K. Schneider offers an in-depth analysis. Although the Court ruled in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), that "federal-courts did not have the judicial-power to create general, federal common-law when hearing State-law claims under diversity-jurisdiction", this instant-case at bar arises under the U.S. Constitution and applicable federal-statutes, specifically diversity-jurisdiction of a Torts-case among citizens/residents of different-States (*e.g.*, Colorado, Texas, & Arizona). *Plaintiff – Appellant*-"Murphy's cited federal-statutes grant original-jurisdiction to the district-court. Finally, in *Hanna v. Plumer*, 380 U.S. 460 (1965), the Court further refined the *Erie*-doctrine regarding when and by what means federal-courts are obliged to apply State-law in cases brought under diversity-jurisdiction. The Court ruled that under the facts of that case, federal-courts shall apply the federal-rule. The instant-case at hand is brought under diversity-jurisdiction, and is certainly not brought for the purpose of forum-shopping. The Collateral-Order Doctrine – It is respectfully submitted that a plaintiff, who is otherwise entitled to file an amended-complaint following a Rule-12(b)(6) dismissal, may choose instead to stand on the original-complaint and

appeal the dismissal. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("If the plaintiff does not desire to amend, he may file an appropriate-notice with the district-court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate"). *See also WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (holding that plaintiff must obtain final-judgment from district-court before "standing" on original-complaint and taking immediate-appeal). Whether Rule-12(b)(6) rulings are immediately-appealable presents complex-issues that require careful-study by practitioners. The general-rule holds that a district-court decision that grants a Rule-12(b)(6) motion is a "final-order " within the meaning of 28 U.S.C. § 1291, from which an immediate-appeal must be taken, (*See ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir.1994). *But see Eberhardt v. O'Malley*, 17 F.3d 1023, 1024 (7th Cir. 1994) (order dismissing complaint "is not in itself a final, appealable judgment, since the plaintiff may be entitled to replead or be given leave to replead"), but a ruling that denies a Rule-12(b)(6) motion is interlocutory, and ordinarily is not immediately-appealable. *See Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 304 (4th Cir. 2006); *Hill v. City of New York*, 45 F.3d 653, 659 (2d Cir. 1995); *Foster Wheeler Energy Corp. v. Metropolitan Knox Solid Waste Authority, Inc.*, 970 F.2d 199, 202 (6th Cir. 1992). *See also Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996), cert. denied, 519 U.S. 817, 117 S. Ct. 68, 136 L. Ed. 2d 29 (1996)

(holding that Rule-12(b)(6) motions to dismiss become moot after plaintiff prevails following a full-trial on the merits; thereafter, any pleading-defect may be cured by amendment). Exceptions, however, are numerous. For example, denials of motions to dismiss that assert certain types of immunity-issues have been deemed immediately-appealable under the collateral-order doctrine. *See, e.g., Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (holding that denial of Eleventh-Amendment immunity was immediately-appealable collateral-order); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (holding that ruling denying qualified-immunity was an immediately-appealable collateral-order); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (denial of anti-SLAPP motion immediately-appealable under collateral-order doctrine); *Goldstein v. City of Long Beach*, 481 F.3d 1170, 1172 (9th Cir. 2007), cert. granted, 128 S. Ct. 1872, 170 L. Ed. 2d 743 (U.S. 2008) (denial of absolute-immunity motion immediately-appealable). The question of appealability from Rule-12(b)(6) rulings, therefore, must be carefully researched within the context of the specific-issues presented in the motion. Therefore, *Plaintiff – Appellant*-"Murphy" respectfully submits that although he is otherwise entitled to file an amended-complaint following a Rule-12(b)(6) dismissal, *Plaintiff – Appellant*-"Murphy" chooses instead to stand on the original-Complaint (ECF-1/ROA.1) and appeal the dismissal, if one is granted to

*Defendant – Appellee* "Lamborn". *Pre-Answer* Tentative-Arguments to prevent Rule-12(b) Dismissal – *Defendant – Appellee* "Lamborn's counsel begins by implying that this lawsuit can be straightened-out with a mere telephone-call, or maybe *Plaintiff – Appellant-*"Murphy" should just rewrite everything based on the feigned Pretext of perpetual-Confusion. As stated above-*supra*, *Plaintiff – Appellant-*"Murphy" respectfully submits that although he is otherwise entitled to file an amended-complaint following a Rule-12(b)(6) dismissal, *Plaintiff – Appellant-*"Murphy" chooses instead to stand on the original-Complaint (ECF-1/ROA.1) and appeal the dismissal, if one is granted to *Defendant – Appellee* "Lamborn". *Plaintiff – Appellant-*"Murphy's "Injury", "Legally-Protected Interest", & "Stake", for purposes of his Article-III standing in a live "case or controversy", are his own constitutional-rights to Vote & Free-Speech/Assembly, which were denied by *Defendant – Appellee* "Lamborn", both present (*i.e.*, 1-6-21) & future (*i.e.*, 11-5-24). Stated differently, *Plaintiff – Appellant-*"Murphy" suffered an Impairment of his fundamental Right to Vote, because if *Defendant – Appellee* "Lamborn" would have succeeded, then the outcome would have been for Donald Trump. In short, *Defendant – Appellee* "Lamborn's arguments for dismissal are red-herrings and contain circular-logic that would make a philosophy-major blush, with its confusing-distractions. *Plaintiff – Appellant-*"Murphy's Congressional-Representative denied Arizona & Pennsylvania's Presidential-Elector

Rights/Powers. Next, *Defendant – Appellee* "Lamborn" subtly shifts the goal-posts for Article-III standing while insincerely implying/conceding *Plaintiff – Appellant*-"Murphy's Article-III standing to, at the very least, sue for *Defendant – Appellee* "Lamborn" hypothetically voting against Colorado's *own* Presidential-Electors, whilst simultaneously suggesting that *only* voting against other States' Presidential-Electors is some kind of Prophylactic. It is respectfully submitted, that in *Plaintiff – Appellant*-"Murphy's professional legal-opinion: a Voter/Citizen has Standing to sue his/her Congressional-Representative for obstructing *any* State's Presidential-Electors, because the outcome of the *Total*-Vote is at Stake. In other words, just because *Defendant – Appellee* "Lamborn's Insurrection & Rebellion failed, it still in fact occurred! Next, *Defendant – Appellee* "Lamborn" suggests that an alleged-victim must be physically-present for violations of his/her Fourth-Amend. Right to be secure in the People's House. It is respectfully submitted, that in *Plaintiff – Appellant*-"Murphy's professional legal-opinion: a Voter/Citizen does not need to be physically-present for violations of his/her Fourth-Amend. Right to be secure in the People's House, during an official-proceeding on behalf of said Voter/Citizen. Moving on, the Due-Process/Equal-Protection violation of *Plaintiff – Appellant*-"Murphy's constitutional-rights was by *Defendant – Appellee* "Lamborn" refusing to accept certified popular-vote election-results of a presidential-election. Once again, *Defendant – Appellee* "Lamborn" seems to be

implying/conceding that residents/citizens of Arizona & Pennsylvania could sue Colorado's Fifth-District Congressional-Representative, because they are the true-Victims? No, *all* Americans suffer equally when the Presidential-Electors, operating under State-law, are obstructed. Yet again, *Defendant – Appellee* "Lamborn" seems to be implying/conceding that the cited enabling-statutes for § 3 of the Fourteenth-Amend. do in fact establish subject-matter-jurisdiction, specifically § 1355(a). Furthermore, § 1983 does allow redress against federal-officials when acting under color of State-law. It is respectfully submitted, that in *Plaintiff – Appellant*-"Murphy's professional legal-opinion: *Defendant – Appellee* "Lamborn" was acting under color of Colorado, Arizona, & Pennsylvania State-law, when he failed to properly enforce their respective regulations for popular-vote of presidential-electors, in order to certify the State-federal handshake of election-results. *Defendant – Appellee* "Lamborn" is being sued in his Official-Capacity, because he was incorrectly enforcing both State & federal law, but without any personal-animosity towards *Plaintiff – Appellant*-"Murphy". Thus, *Defendant – Appellee* "Lamborn" is not being sued in his Individual-Capacity. Similarly, *Defendant – Appellee* "Lamborn" is not Absolutely-Immune from charges of Insurrection & Rebellion under the Speech or Debate Clause, because § 3 of the Fourteenth-Amend. was enacted after, & in consideration of, the pre-existing prophylactic-clause, and because *Defendant – Appellee* "Lamborn"

personally failed to properly enforce the law & federal-constitution, with regards to *Plaintiff – Appellant*-"Murphy's constitutional-rights. The proximate-cause of deprivation of *Plaintiff – Appellant*-"Murphy's constitutional-rights was *Defendant – Appellee* "Lamborn's unconstitutional-actions on Jan. 6, 2021 (1-6-21). But for *Defendant – Appellee* "Lamborn's unconstitutional-actions on Jan. 6, 2021 (1-6-21), the Insurrection & Rebellion would not have occurred. *Plaintiff – Appellant*-"Murphy" was denied not only his First-Amend. constitutional-rights to Free-Speech/Assembly, but also his fundamental constitutional-right to Vote. *Defendant – Appellee* "Lamborn" attempted to nullify *Plaintiff – Appellant*-"Murphy's vote for Joe Biden by denying Arizona & Pennsylvania's Elector-Rights/Powers. A favorable-decision by the district-court against *Defendant – Appellee* "Lamborn" will prevent future Insurrection & Rebellion in general, and refusal to accept certified popular-vote election-results of a Presidential-Election in particular. The Fourteenth-Amend.'s Insurrection & Rebellion Section is an exception to the Court's ruling in *McCray*, because it does not limit the exercise of legislative-powers, it only disqualifies one individual, much in the same way that other provisions of the federal-Constitution & State-law prevent eligibility for public-office: Age, Citizenship, Felony criminal-record, *etc.* Unlike Article-I's § 8, § 5 cl. 2 is not Plenary or Exclusive, and not applicable, because the alleged-conduct of *Defendant – Appellee* "Lamborn" is much more than mere disorderly-behavior.

Members of Congress are commonly put on trial while still in office (*e.g.*, Sen. Menendez (NJ)). This lawsuit is not a matter of dis-satisfaction with elected-representatives, it is about violating the federal-Constitution, as well as State & federal laws. Indeed, quite the opposite from mere dis-satisfaction: *Defendant – Appellee* "Lamborn" refused to comply with the results of the Nov. 3, 2020 (11-3-20) Presidential-Election. Disqualification of one individual does not constitute electoral-disenfranchisement. Indeed, *Defendant – Appellee* "Lamborn" himself committed electoral-disenfranchisement of the residents/citizens of Arizona & Pennsylvania, as well as *Plaintiff – Appellant*-"Murphy". Sadly, *Defendant – Appellee* "Lamborn" resorts to using the typical-tactic of projection of one's own sins against Democracy! The Speech or Debate Clause does not provide Absolute-Immunity from Insurrection & Rebellion. Although the Court's rulings in *Eastland, Dombrowski, Doe, & Gravel* stand for the general-immunity of Speech or Debate, including voting; that general-immunity is qualified by the specific-acts of Insurrection & Rebellion, which are strictly forbidden by § 3 of the Fourteenth-Amend., otherwise the prohibition would have no meaning! The State-laws that provide for popular-vote for presidential-electors, and the resultant certifications by Secretaries of State, are the enabling-mechanism that *Defendant – Appellee* "Lamborn" refused to enforce! Absolute-Immunity *via* the Speech or Debate Clause is a possible-defense, *post*-Answer down the road, but not as a roadblock in

the middle of the road, in the form of an SMJ Rule-12(b)(1) dismissal-motion. Indeed, the only qualification for *Plaintiff – Appellant*-"Murphy's Article-III standing is a live "case or controversy". Simply put, *Defendant – Appellee* "Lamborn" is still in office, and poised to ignore the popular-vote election-results again in the next presidential-election (*i.e.*, 11-4-24). It is respectfully submitted, that in *Plaintiff – Appellant*-"Murphy's professional legal-opinion: the label of this Rule-12(b)(1) dismissal-motion as "Facial" is a Pretext for excluding extrinsic-evidence. Because the SMJ-Standing challenge & the Absolute-Immunity claim are "Factual", *Plaintiff – Appellant*-"Murphy" offers the below-*infra* extrinsic-evidence against *Defendant – Appellee* "Lamborn's Rule-12(b)(1) argument. According to the Court's ruling in *Bogan* itself, the nature of *Defendant – Appellee* "Lamborn's unconstitutional-acts is his refusal to enforce applicable State-laws, which all provide for the selection of presidential-electors through popular-vote. The Insurrection & Rebellion Section is the exception to the "legitimate-legislative-sphere" rule, otherwise § 3 of the 14th-Amend. would have no Relevance! Therefore, *Defendant – Appellee* "Lamborn" is not absolutely-immune from civil-charges of Insurrection & Rebellion. If Colorado, Arizona, or Pennsylvania State-law would have allowed U.S. House-Representatives to disregard their popularly-elected presidential-electors, then *Defendant – Appellee* "Lamborn" would have been in compliance with § 1983. Although the federal-

courts have never punished Speech or Debate by Congressional-Members, likewise it has never rewarded Insurrection & Rebellion by Congressional-Members. The distinct use of the precise legal-terms "may" & "shall" are relevant here to the concept of exclusive-jurisdiction. Congress may expel a Member for Insurrection & Rebellion, but Congress shall have the power to enforce § 3, by appropriate legislation, which it did in 28 U.S.C. 1343(a), 28 U.S.C. 1355(a), 42 U.S.C. 1983, & 42 U.S.C. 1985(1) & (3), but also with the *quo-warranto* provision of the 1870 Ku Klux Klan Act. According to the legal-article by Gerard Magliocca titled "The 14th Amendment's Disqualification Provision and the Events of Jan. 6", there is the question of whether Section 3 is self-enforcing. The answer is probably not. In 1869, Chief Justice Salmon P. Chase issued a circuit-opinion holding it was not. This opinion was not well reasoned, as Magliocca explains in his paper on Section 3, and might not be followed by the current Supreme Court. But, then again, the court might come to the same conclusion today. Congress enacted Section 3 enforcement legislation in 1870 that authorized the Department of Justice to bring *quo-warranto* actions—a common-law writ asking, "by what warrant" does someone lawfully hold office—to oust from office some ineligible officials. But Congress repealed this statute in the 1940s as part of a broad cleanup of "obsolete" provisions. If Justice Chase was right, then Congress would be well advised to enact new Section 3 enforcement legislation. The *quo-warranto* provision of the

1870 Ku Klux Klan Act could be reinstated with some adjustments. For example, the act authorized actions against ineligible-officials, not ineligible-candidates. There are instances, though, where enforcement should be authorized before elections are held so as to resolve *ex ante* any uncertainty about whether someone can serve. Expelled-Representatives: John B. Clark, John W. Reid, & Henry C. Burnett were expelled in 1861 for supporting the Confederate-Rebellion. Michael J. Meyers was expelled in 1980 for conviction of Bribery in the Abscam-Scandal. James Traficant was expelled in 2002 for conviction on ten counts including Bribery, Conspiracy to Defraud the United States, Corruption, Obstruction of Justice, Tax-Evasion, and Racketeering. Expelled-Senators: William Blount was expelled in 1797 for Treason & Conspiracy to incite the Creek & Cherokee Indians to assist Great-Britain in invading Spanish-Florida. James M. Mason, Robert M.T. Hunter, Thomas Lanier Clingman, Thomas Bragg, James Chesnut Jr., Alfred O.P. Nicholson, William K. Sebastian, Charles B. Mitchel, John Hemphill, Louis Wigfall, and John C. Breckinridge were expelled in 1861; and Trusten Polk, Waldo P. Johnson, and Jesse D, Bright were expelled in 1862 for supporting the Confederate-Rebellion. The fact that Sen. Sebastian's expulsion was posthumously reversed in 1877 provides for Congress' historic-power to reverse the federal-courts' proposed-disqualification of *Defendant – Appellee* "Lamborn" through appropriate-legislation. This lawsuit is not seeking to order Congress to do

anything. *Plaintiff – Appellant*-"Murphy's First-Amend. Free-Speech/Assembly-Rights were denied by *Defendant – Appellee* "Lamborn's interference with all the other tens of millions of Voters who chose Joe Biden for President. By remaining in office, *Defendant – Appellee* "Lamborn" threatens to further interfere with *Plaintiff – Appellant*-"Murphy's First-Amend. Free-Speech/Assembly-Rights after the next Presidential-Election (*i.e.*, 11-4-24). As the world knows, *Defendant – Appellee* "Lamborn" did much more than merely raise objections, *per* the Electoral Count Act of 1887. According to eye-witness accounts & investigative-journalist reports in newspapers, magazines, radio, and television: On Wed., Jan. 6, 2021 (1-6-21), *Defendant – Appellee* "Lamborn" 1. Participated in an Insurrection & Rebellion that led to the murder by bludgeoning of Capitol-Police Officer Brian D. Sicknick at the front-door of the Capitol. 2. Provided security-intelligence deployment-information to armed-insurrectionists. 3. Ordered Capitol-Police Rank & the House Sergeant-at-Arms to stand down, in regards to additional federal-security for the Capitol-Police Officers; and Refused to declare the Jan. 6 Electoral-College Confirmation as a National-Security Special-Event (NSSE). 4. Refused to accept the certified election-results of Arizona & Pennsylvania for President. 5. Voted against accepting the certified election-results of Arizona & Pennsylvania for President *even after* the insurrection was ended. 6. Denied the Right to Vote to citizens/residents of Arizona & Pennsylvania. 7. Violated the

Security of the People's House under color of federal-law. 8. Denied Due-Process of the law by refusing to accept certified, popular-vote election-results of a Presidential-Election according to Colorado, as well as Arizona & Pennsylvania State-law. 9. Denied Equal-Protection of the laws to both the People of Arizona & Pennsylvania, and Joe Biden. 10. Engaged in insurrection or rebellion against the Constitution of the United States, and gave aid or comfort to the enemies thereof. *Plaintiff – Appellant*-"Murphy's constitutionally-protected 4th-Amend. privacy-expectation was that the murderous Neo-Nazi friends of *Defendant – Appellee* "Lamborn" would not Trespass inside & disrupt the certification-proceedings. *Plaintiff – Appellant*-"Murphy's constitutionally-protected 4th-Amend. non-seizure-expectation was that the murderous Neo-Nazi friends of *Defendant – Appellee* "Lamborn" would not commit the seizure of either the ballot-boxes themselves or the elected-Representatives. *Plaintiff – Appellant*-"Murphy's constitutionally-protected 5th-Amend. due-process-expectation was that *Defendant – Appellee* "Lamborn", as his duly-elected Congressional-Representative, would comply with the federal-Constitution and federal & State-laws, not only on behalf of *Plaintiff – Appellant*-"Murphy" but also the People of Arizona & Pennsylvania, by not disregarding his & others' popular-votes for Joe Biden. *Plaintiff – Appellant*-"Murphy's constitutionally-protected 14th-Amend. equal-protection-expectation was that *Defendant – Appellee* "Lamborn", as his duly-elected

Congressional-Representative, would comply with the federal-Constitution and federal & State-laws, not only on behalf of *Plaintiff – Appellant*-"Murphy" but also the People of Arizona & Pennsylvania, by not disregarding his & others' popular-votes for Joe Biden. Finally, the challenged government-action by *Defendant – Appellee* "Lamborn" is the very reason for a suit in his Official-Capacity, not Individual-Capacity: *Defendant – Appellee* "Lamborn's Interference with the fundamental Right to Vote of not only *Plaintiff – Appellant*-"Murphy" but also the People of Arizona & Pennsylvania. *Defendant – Appellee* "Lamborn" concludes by attempting to mis-lead the court through some imaginary-maze of statutory-denials to *Plaintiff – Appellant*-"Murphy's private rights of action, through the previously cited-statutes. It is respectfully submitted, that in *Plaintiff – Appellant*-"Murphy's professional legal-opinion: the previously cited-statutes do combine to form a private right of action. *A fortiori*, if *Defendant – Appellee* "Lamborn" would have succeeded, then *Plaintiff – Appellant*-"Murphy" could not possibly be expected to rely on the Trump-Administration or the AG-Barr Justice-Dept. for legal-relief on his behalf, because Donald Trump was the beneficiary of *Defendant – Appellee* "Lamborn's alleged-acts. Precisely because of the unique nature of the Presidential-Election, *Defendant – Appellee* "Lamborn" was in fact acting under color of Colorado, Arizona, & Pennsylvania State-law. The vote to certify the results of the presidential-electors was ministerial, not discretionary,

notwithstanding raised-objections. The attached Rep. Lofgren Social-Media review details internet-posts by Congressional-Members; the House-Report details the President-Trump Pressure-Campaign on the Department of Justice; the Senate-Report details Security, Planning, & Response-Failures; the Congressional-Record details *Defendant – Appellee* "Lamborn's votes against AZ & PA; and the Pete Williams News-Article details the expected-arrest of more than 500 rioters.

## <u>SHORT CONCLUSION STATING THE PRECISE RELIEF SOUGHT</u>

*Plaintiff – Appellant*-"Murphy" requests that this appellate-court reverse & remand the district-court's Order (ECF-27/ROA.27) granting *Defendant – Appellee* "Lamborn's Motion to Dismiss on Feb. 15, 2022 (2-15-22), and the district-court's Final-Judgment in favor of *Defendant – Appellee* "Lamborn" on Feb. 15, 2022 (2-15-22) (ECF-28/ROA.28), in order to procced to Discovery, or Trial if necessary, or order the district-court to order the same, so that the Truth may finally be Known. Request for Relief – Wherefore, *Plaintiff – Appellant*-"Murphy" demands of *Defendant – Appellee* "Lamborn", Declaratory and Injunctive Relief, and any other relief the court deems appropriate, on this one individual-claim. This Complaint (ECF-1/ROA.1) seeks a declaratory-judgment that *Defendant – Appellee* "Lamborn" lacks both the eligibility and power to remain in office. This Complaint (ECF-1/ROA.1) also seeks a permanent-injunction directing the U.S. House-Representative for Colorado's Fifth-District to Cease & Desist from continuing to "be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state". Equitable-relief is necessary, because there is no adequate-remedy at law. Preliminary injunctive-relief is also necessary, because *Defendant – Appellee* "Lamborn" is currently-serving as U.S. House-Representative for

Colorado's Fifth-District. There is simply too-much time between now and when the next-election will occur (*i.e.*, Tues., Nov. 8, 2022 [11-8-22]) for *Plaintiff – Appellant*-"Murphy" to obtain an adequate-remedy, absent the granting of a preliminary-injunction. Due to the impending-threat to the patriotic-legitimacy of the legislative-branch, a preliminary-injunction is necessary to avoid violating *Plaintiff – Appellant*-"Murphy's Constitutional-Rights. 28 U.S.C. § 2201(a) – Creation of remedy, provides that: "In a case of actual-controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate-pleading, may declare the rights and other legal-relations of any interested-party seeking such declaration, whether or not further-relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2202 – Further-relief, provides that: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable-notice and hearing, against any adverse-party whose rights have been determined by such judgment." Pursuant to 28 U.S.C. §§ 2201(a), 2202, *Plaintiff – Appellant*-"Murphy" requests that this appellate-court declare *Defendant – Appellee* "Lamborn's continuing-service as unconstitutional; because it violates *Plaintiff – Appellant*-"Murphy's Constitutional-Rights. *Plaintiff – Appellant*-"Murphy" requests that this appellate-court direct the U.S. House-Representative for Colorado's Fifth-District to terminate his service immediately in

accordance with the defeat of the Insurrection and subsequent House-approval of the 2020-Presidential Electoral-College results; and enjoin, both preliminarily and permanently, *Defendant – Appellee* "Lamborn" from being a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State.

## <u>SIGNATURE OF COUNSEL OR A PARTY</u>

Respectfully submitted, this the 22nd day of May, 2022.


__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## <u>CERTIFICATE OF SERVICE IN THE FORM</u>

I, Marcus A. Murphy, *Plaintiff – Appellant & Counsel*, do hereby certify that I have filed in the office of the Clerk for the United States Court of Appeals for the Tenth Circuit and have served upon *Defendant – Appellant* "Lamborn's counsel, Letter, Tatelman, Hanner, & Clouse, a complete and accurate copy of this **<u>APPELLANT'S OPENING-BRIEF</u>**, either by hand-delivering, or placing a copy in the United-States Mail *via* First-Class, sufficient-postage affixed, dispatched to their business-addresses.

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

Douglas Letter, U.S. House of Rep.

5140 O'Neill House Office Bldg.

Washington, DC  20515


Todd Tatelman, U.S. House of Rep.

5140 O'Neill House Office Bldg.

Washington, DC  20515


Brooks Hanner, U.S. House of Rep.

5140 O'Neill House Office Bldg.

Washington, DC  20515


Sarah Clouse, U.S. House of Rep.

5140 O'Neill House Office Bldg.

Washington, DC  20515


Christopher Wolpert, Court-Clerk – U.S. Tenth-Circuit Ct. of Appeals (10th-Circ.)

1823 Stout St

Denver, CO  80257

Jeffrey P. Colwell, Court Clerk – U.S. Dist. Ct. of Colo. (D-CO)

901 Nineteenth St, Rm A-105

Denver, CO  80294-3589

# <u>CERTIFICATE OF COMPLIANCE (IF REQUIRED)</u>

Certificate of Compliance with Type-Volume Limit, Typeface-Requirements, and Type-Style Requirements:

1. This document complies with the type-volume limitation of Fed. R. App. P. (FRAP) 32(a)(7)(B) and the word limit of Fed. R. App. P. (FRAP) 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 7,563-words and 35-pages (*i.e.*, less than 40-pages).

2. This document complies with the typeface-requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally-spaced typeface using Microsoft-Word 2010 in 14 pt. Times-New-Roman font, double-spaced on 8 1 / 2 x 11"-paper & a durable white-cover.

Respectfully submitted, this the 22nd day of May, 2022.

__(Electronically-Signed for PACER/ECF:)__s/__Marcus Allen Murphy-MAM.

Marcus A. Murphy, *Plaintiff – Appellant & Counsel (CO-LL# 48442)*

5795 Southmoor Dr Lot 53, Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com